REED v. INDEPENDENT INS. CO. See Cases Nos. 7,017 and 7,018.

REED (MEXICO SOUTHERN BANK v.). See Case No. 9,514.

---

## Case No. 11,647.

### REED et al. v. MINOR.

[3 Cranch, C. C. 82.][1]

Circuit Court, District of Columbia. April Term, 1827.

FRAUDULENT CONVEYANCES—CHATTELS — POSSESSION—GRANTEE'S AGENT.

An absolute deed of all the household furniture, and all the stock in the shoe business, is

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

fraudulent and void as to creditors, unless the possession bonâ fide accompany and follow the deed; but if rhe goods, at the date of the deed, were actually delivered to the grantees for a valuable consideration, and then taken possession of by one of the grantors, who was bonâ fide the known agent of the grantees, and who, as such, received and exercised exclusive possession bonâ fide, publicly and notoriously, for the sole use and benefit of the grantees, so that the change of possession was notorious and unequivocal, such possession was not inconsistent with the deed, and did not make it fraudulent and void, as to the creditors of the grantors. But if the possession remained with the grantors jointly, although the said agent was one of the grantors, such possession was inconsistent with the exclusive possession of such agent, and was not such a possession as gave effect to the deed, as a valid deed against the creditors of the grantors.

Trespass [by E. & E. Reed against Daniel Minor] for levying a fieri facias upon the plaintiffs' property, for the debt of Silas and David Reed.

The defence was, that the deed from Silas and David Reed to the plaintiffs was fraudulent and void as to the creditors of the said S. and D. Reed.

Upon the prayer of Mr. Jones and Mr. Taylor, for the defendant, THE COURT (MORSELL, Circuit Judge, absent) instructed the jury, that if the possession of the property remained with the grantors, (the deed being in form absolute, and purporting to convey all the household furniture, and all the stock in the shoe business,) the deed was fraudulent as to the creditors of the grantors.

But THE COURT, at the prayer of the plaintiffs, also instructed the jury, that if the goods were delivered to the plaintiffs at the date of the deed, and that the said David Reed was bonâ fide their known agent, and, as such, received and exercised exclusive possession bonâ fide, publicly and notoriously, for the sole use and benefit of the plaintiffs, so that the change of possession from the grantors to the grantees, or their agent, was notorious and unequivocal, then such possession was not inconsistent with the deed, and did not make it fraudulent and void, as to the creditors of the said Silas and D. Reed.

THE COURT, also, at the prayer of the defendant, instructed the jury, in effect, that if the possession remained in Silas and David Reed, such possession was inconsistent with the exclusive possession of David Reed as agent of the plaintiffs, and that such possession, and evidence of agency, are not sufficient to establish such agency and possession in David Reed as to give effect to the sale and delivery contended for by the plaintiffs to support this action.